UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Criminal No. 13-cr |
| v. | : | **UNDER SEAL** |
| **NATHAN D. YOUNG,** | : | |
| **Defendant.** | : | |

GOVERNMENT'S MOTION TO SEAL THE CRIMINAL
INFORMATION AND OTHER PLEADINGS, RECORDS,
AND FILES AND TO DELAY ENTRY ON THE
PUBLIC DOCKET OF THE FILING OF THIS MOTION TO SEAL

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this motion to seal the accompanying Criminal Information, as well as all other pleadings, including the instant motion to seal and proposed Order, and to delay entry on the public docket of this motion to seal and all related matters. In support of this motion, the government states as follows:

The defendant in this case has agreed to enter a plea of guilty to a Criminal Information charging Conspiracy to Distribute and Possess with Intent to Distribute Less Than 50 Kilograms of Marijuana, in violation of 21 U.S.C. § 846, and Conspiracy to Launder Monetary Instruments, in violation of 18 U.S.C. § 1956(h). As part of his plea agreement, the defendant has agreed to cooperate with the government in the investigation and prosecution of others. His cooperation may include providing testimony in the Grand Jury and at other judicial proceedings. It may lead to criminal charges being filed against various co-conspirators for narcotics and/or money laundering offenses. Accordingly, it is essential that any information concerning the defendant

having a pending case in this district, as well as the fact of his pleading guilty, be kept sealed for the time being.

Based on the nature of the government's ongoing criminal investigation being conducted by the Drug Enforcement Administration, the government submits that public disclosure of the defendant's cooperation would likely compromise this ongoing criminal investigation by (1) placing the personal safety of the cooperating defendant, cooperating witnesses, undercover agents, other law enforcement officials, and innocent third parties at substantial risk; (2) alerting potential targets of the investigation, thereby causing the cooperating defendant to be reluctant to continue his cooperation; (3) causing prospective witnesses, including the cooperating defendant, to be deterred from testifying or to be less likely to provide truthful testimony to the grand jury; and (4) causing potential witnesses and targets to destroy documents and other evidence.

Individuals involved in the distribution of illegal narcotics often engage in violent acts against individuals or their family members if they are believed to be cooperating with the government. It is common practice for individuals associated with drug organizations to check the court's public record to ascertain whether the government has filed any pleadings under seal in cases against associates and suspected cooperators. It is common knowledge to criminal organizations operating in this city that the docketing of a motion to seal a plea agreement or the filing of sealed pleadings in a criminal case signals the fact that the charged defendant has agreed to cooperate with law enforcement. Consequently, public notice of the sealed pleadings is likely to compromise any ongoing or future investigation and present a substantial risk to the personal safety of cooperating individuals, undercover agents, other law enforcement officials taking part in the covert investigation, and, in some cases, innocent bystanders.

Accordingly, the government submits that these facts present an extraordinary situation and a compelling governmental interest which justify the sealing of the Criminal Information and all other pleadings and records in this case until (1) the substantial risk to the personal safety of cooperating individuals no longer exists; and (2) the government represents that it can continue its criminal investigation without substantial risk that it would be jeopardized due to the public docketing of the fact that sealed pleadings have been filed in this case. *See Washington Post v. Robinson*, 935 F.2d 282, 289 (D.C. Cir. 1991).

Steven Kupferberg, counsel for the defendant, has advised the undersigned attorney that the defendants consents to the granting of this motion and the entry of the attached order.

WHEREFORE, for the foregoing reasons and for any other such reasons as may appear to the Court, the government respectfully requests that this motion be granted.

Respectfully submitted,

RONALD C. MACHEN JR.
United States Attorney
D.C. Bar No. 447889

/s/ Anthony Saler
ANTHONY SALER, D.C. Bar No. 448254
Assistant United States Attorney
Asset Forfeiture and Money Laundering Section
555 Fourth Street, N.W., Fourth Floor
Washington, D.C. 20530
(202) 252-7445
Anthony.Saler@USDoJ.Gov